NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000670
19-MAR-2013
08:37 AM

NO. CAAP-11-0000670

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CHRISTOPHER CANTRELL, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1497)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

On March 28, 2011, Defendant-Appellant Christopher Cantrell (Cantrell) pleaded guilty to five counts of Sexual Assault in the First Degree (Counts I-V) in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (Supp. 2012), Sexual Assault in the Third Degree (Count VI) in violation of HRS § 707-732(1)(b) (Supp. 2012), Promoting Child Abuse in the First Degree (Count VII) in violation of HRS § 707-750(1) (Supp. 2012) and/or HRS § 707-750(1)(b) (Supp. 2012), Kidnapping (Count VIII) in violation of HRS § 707-720(1)(d) (Supp. 2012) and/or HRS § 707-720(1)(e) (Supp. 2012), Burglary in the First Degree (Count IX) in violation of HRS § 708-810(1)(c) (1993), and Assault in the Second Degree (Count X) in violation of HRS § 707-711(1)(b) (Supp. 2007).  Judgment of Conviction and Sentence was entered on July 12, 2011 by the Circuit Court of the First Circuit (Circuit Court).[1]

_____

[1]    The Honorable Randal K.O. Lee presided.

Consistent with his plea agreement and Hawai'i Rules of Penal Procedure (HRPP) Rule 11(e)(1), the Circuit Court sentenced Cantrell to (1) concurrent terms of twenty years for Counts I-V, VII, and VIII and (2) concurrent terms of ten years for Count IX, and five years for Counts VI and X, to be served consecutively to the twenty-year terms, for a total of thirty years incarceration.

Cantrell presents three points[2] on appeal: (1) the Circuit Court erred in denying his motion to withdraw his guilty plea and to continue sentencing, (2) there was no undue delay in the filing of this motion, and (3) the State did not meet its burden to prove that it relied on his plea to its substantial prejudice.

With regard to his first point, Cantrell argues that the "coercive, pressure-laden circumstance" he was placed in leading up to his plea renders it involuntary. Given the procedural posture of this case, Cantrell was required to show only that there was "a fair and just reason" to withdraw his plea. State v. Topasna, 94 Hawai'i 444, 451, 16 P.3d 849, 856 (App. 2000) (citation omitted).

However, while counsel submitted his own declaration with the motion, there was none from Cantrell and at the hearing on his motion to withdraw, Cantrell offered no evidence and did not testify in his own behalf. On appeal, he offers no authority supporting his position that the circumstances he cites, even if true, made his plea involuntary. Cantrell admits that in "reading the transcript of the Defendant's change of plea one finds no discernable error." Despite the fact that the colloquy met the requirements of HRPP Rule 11(c),[3] Cantrell argues on

---

[2]     We note that Cantrell's points on appeal are in violation of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). Counsel is warned that future violations may result in sanctions. HRAP Rule 30.

[3]     HRPP Rule 11(c) provides in pertinent part that a court:

> shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and determining:

>> (1) the nature of the charge to which the plea is offered; and

(continued...)

appeal that his responses did not reflect his true beliefs at the time. Our review of the change of plea colloquy supports the denial of Cantrell's motion to withdraw his guilty plea. See U.S. v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) ("Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea.") (citation omitted).

Because there was no "fair and just" reason to allow Cantrell to withdraw his pleas, we need not address the remaining factors. See State v. Merino, 81 Hawai'i 198, 224, 915 P.2d 672, 698 (1996) (absent any of the three factors, the trial court may, without abusing its discretion, refuse to permit the defendant to withdraw the plea); U.S. v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993).

Therefore, the July 12, 2011 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 19, 2013.

On the briefs:

Anosh H. Yaqoob,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3](...continued)

    (2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and

    (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made; and

    (4) that if the defendant pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the right to a trial is waived[.]